## No. 911.

### John T. Phifer vs. James Campbell et al.

An attempt to uncover a simulation may be engrafted on the revocatory action.

When these two are joined, the prescription of one year does not bar the action *quoad* the attack for simulation, and as to the demand for revocation prescription begins to run only from the date of the judgment against the debtor.

The mere fact that a mortgagee is the sister-in-law of the mortgagor will not justify the presumption, in the absence of all proof, that she combined with the mortgagor to defraud his creditors, and especially when the party now assailing the mortgage considered the mortgagor solvent at the time it was given.

When the mortgage note has passed into the ownership of a third party, who acquired it before maturity and without knowledge of the embarrassment of the maker, it is free from taint, and even if the mortgage was fraudulent between the parties, it could not be revoked without making the necessary proof to sustain the revocatory action as to him. If it was simulated, the issuing of the note to a *bona fide* creditor at once made the contract real from that date.

Although a mortgage does not partake of negotiability in the sense of the law merchant, it is not less assignable than are other rights.

A sale of movables, rights, and credits by a person to his book-keeper, without satisfactory proof of the existence of the debt which they were sold to pay, and the making of the transfer on the eve of the term of court wherein a suit against the vendor was to be tried, are *indicia* of fraudulent extent, and the sale will be revoked even if the vendee has disposed of the things sold.

Appeal from the District Court for Morehouse. Parsons, J.

*Todd & Brigham* for Plaintiff Appellant. *Newton & Hall,* and *Bussey* for Defendants.

White, J., delivered the opinion affirming the judgment in part and reversing it in part.